**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ALBERT LEE LEWIS, JR.                                                                              PETITIONER
ADC # 143494

v.                                               5:12-cv-00258-DPM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                                          RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

## DISPOSITION

**I.  BACKGROUND**

After a jury trial, Mr. Lewis was sentenced on December, 19, 2008, as a habitual offender to consecutive terms of life imprisonment for rape and thirty years for kidnaping. (Doc. No. 18 at 1.) His conviction was affirmed by the Supreme Court of Arkansas. *Lewis v. State*, 2010 Ark. 209[1];

---

[1]The Supreme Court of Arkansas reported:

The record reveals the following facts. On May 16, 2008, the victim, T.S., and two of her friends, T.T. and T.B., were walking after dark along McAuley Street in West Memphis, Arkansas, when T.S. was grabbed by a man who put a knife to her throat and abducted her. As T.S. screamed and struggled to get away, T.T. and T.B. ran to a nearby convenience store, the Flash Market, and called the police. T.S. was pulled to a nearby abandoned house, and she and her attacker entered it through an unlocked back door. The address of the house was later identified as 525 Rosemary Lane. There were no lights on in the house, and the floor was littered. T.S. fell onto what felt to her like a bean-bag type chair, and her attacker hit her and choked her when she refused to take off her clothes. T.S. was pulled to a couch, her capri pants and underwear were stripped from her, and she was raped. After the rape, T.S. was released, and she ran until she was found by her uncle. T.S. was then taken to the sexual-assault center in Memphis for an examination. Police officers stopped Lewis the next morning near the area of the reported attack, and Lewis became a suspect when he stated that his home address was 525 Rosemary Lane. Additionally, Lewis's DNA was later found to match the samples that had been recovered from T.S. during her medical examination performed after the attack. *Lewis v. State*, 2010 Ark. 209, *1-2.

2

(Doc. No. 18 at 2.)

Mr. Lewis filed a timely Rule 37 petition with the Crittenden County Circuit Court claiming that his trial counsel was ineffective for: 1) not adequately conducting pre-trial investigation; 2) failing to present evidence that the victim could not identify Mr. Lewis in a photo line-up; and 3) not challenging the DNA evidence linking Mr. Lewis to the crime. (Doc. 19 at 4.) The Rule 37 petition was dismissed without a hearing. (*Id*.) Mr. Lewis appealed to the Supreme Court of Arkansas but he failed to submit a brief within an appropriate amount of time. (Doc. No. 14-5.) The Supreme Court of Arkansas dismissed the appeal on July 27, 2011, without addressing the merits of Mr. Lewis's claims. (*Id*.)

Mr. Lewis brings the instant Petition for Writ of Habeas Corpus (Doc. No. 18) claiming that his trial counsel was ineffective for: 1) failing to conduct a pretrial investigation that would have uncovered grounds to challenge the search of the abandoned house where the rape occurred; 2) failing to present evidence that a witness could not identify Mr. Lewis during a lineup; 3) failing to challenge the chain of custody of the rape exam kit on direct appeal; and 4) failure to produce evidence of the lack of blood and skin cells on the knives submitted for forensic testing.

## II.   ANALYSIS

### A.   Limitations Period

Respondent first argues that Mr. Lewis's Petition is time barred pursuant to 28 U.S.C. § 2244(d)(1)(A). (Doc. No. 19.) The initial Petition did not address grounds on which relief could be granted (Doc. No. 2) so the Court allowed Mr. Lewis to amend his Petition on September 21, 2012, - after the one year limitations period. (Doc. Nos. 10, 12.) Mr. Lewis then amended his Petition again on November 19, 2012. (Doc. No. 18.)

While Respondent makes a persuasive argument concerning the initial Petition filed, a careful

inspection of the Petition and the amendments show the supplemental claims do generally relate back. The record shows Petitioner intended to allege the same grounds in the Amended Petitions. An amended habeas petition relates back to the date of the first filing when it asserts grounds for relief supported by facts that arise out of the same operative facts in both time and type from those set forth in the original pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). Therefore, giving Petitioner all benefit of the doubt, the Court finds the Petition is not barred by the statute of limitations.

      B.    **Procedural Default**

Respondent is correct that Mr. Lewis's Petition is procedurally defaulted. Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). The fair-presentment requirement exists to allow the respective "state the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy, 'for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950))); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981).

Mr. Lewis's claims for habeas relief have not been fully presented to the state courts. As noted, he failed to file a timely brief to present his claims to the Supreme Court of Arkansas. (Doc. No. 14-5.) So Mr. Lewis's claims are procedurally defaulted.

Where procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged

violation of federal law, (2) or that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If the petitioner cannot show cause, the prejudice element need not be addressed. *McClesky v. Zant*, 499 U.S. 467, 502 (1991).

Mr. Lewis does not provide any reason why he was unable to submit a timely brief to the Supreme Court of Arkansas, and therefore, fails to show cause for his default. Furthermore, the Court does not find that a failure to consider Mr. Lewis's claims would result in a fundamental miscarriage of justice. For these reasons, Mr. Lewis's Petition should be dismissed with prejudice as procedurally barred.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006). In this case, Mr. Lewis's Petition is clearly procedurally defaulted. Therefore, no certificate of appealability should be issued.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition and Amended Petitions for Writ of Habeas Corpus (Docs. No. 2, 12, 18) should be DISMISSED with prejudice.

2. A certificate of appealability should not be issued.

IT IS SO RECOMMENDED this 23rd day of January, 2013.

                                                                _____
                                                                JOE J. VOLPE
                                                                UNITED STATES MAGISTRATE JUDGE